IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Valerie C. Trimew, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 6834 |
| P.N. Financial, Inc., an Illinois corporation, | ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Valerie C. Trimew, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), and the Electronic Funds Transfer Act, 15 U.S.C. §1693 <u>et seq</u>. ("EFTA"), for a finding that Defendant's debt collection actions violated the FDCPA and EFTA, and to recover damages for Defendant's violations, and alleges:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1693m(g).

2. Venue is proper in this District because: a) part of the acts and transaction occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff Valerie C. Trimew is a citizen of the State of Alabama who resides in the town of Hollywood, Alabama. Ms. Trimew is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), from whom Defendant collected a delinquent consumer debt originally owed for a First Bank of Delaware credit card.

4. Defendant P.N. Financial, Inc., d/b/a P.N. Financial & Associates ("PNF"), is an Illinois corporation, and collection agency, based in Lincolnwood/Skokie, Illinois. Defendant PNF is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant PNF was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PNF is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant PNF is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

7. Because she was unable to work full-time, due to family medical problems, Ms. Trimew fell behind on paying her bills, including a debt she owed for a First Bank of Delaware credit card. That debt became delinquent and, at some point in time, it was sold from one debt scavenger to another.

8. On or about April, 2009, the Plaintiff began receiving communications from Defendant PNF, stating that she had a judgment entered against her and that she had to pay the judgment immediately. In fact, Defendant PNF sent Ms. Trimew a letter, dated April 30, 2009, purportedly from an attorney, John T. Sullivan, that referenced "JUDGMENT PENDING", a "Docket #", a "Judgment Amount", and that it was her "final

opportunity to stop lien, levy, and/or garnishments and the expense of court proceedings". A copy of this letter is attached as Exhibit C.

9. Defendant PNF's threats panicked and upset Ms. Trimew as she tried to work with the Defendant to pay the "judgment" which she was told had been entered against her. Accordingly, Ms. Trimew agreed to pay Defendant PNF a $125 on May 14, 2009, from her bank account at Family Savings Credit Union, a second and final payment of $232.08 on May 28, 2009. Defendant PNF, however, never received written authorization from Plaintiff in order to access her bank account.

10. Nonetheless, Defendant PNF subsequently withdrew two payments from Ms. Trimew's bank account.

11. Via a letter dated July 1, 2009, Defendant PFN confirmed to Ms. Trimew that her debt was now paid-off, had "zero balance", and that she had "completed [her] total obligation of this debt". A copy of this letter is attached as Exhibit D.

12. Nonetheless, as shown by the attached facsimile from Ms. Trimew's bank, on or about July 29, 2009 and July 31, 2009, Defendant PNF illegally and without authorization attempted to debit $253.00 from Ms. Trimew's bank account, which caused her account to become overdrawn and caused her to incur two $30 overdraft fees. See, Fax from Family Savings Credit Union attached as Exhibit E.

13. This humiliated and upset Ms. Trimew, because she had to explain to her bank that Defendant PNF had a judgment against her that she thought had been resolved back in May, 2009.

14. On or about July 31, 2009, at approximately 9:00 a.m., Ms. Trimew called Defendant PNF and spoke with a "Charles Evans" to demand that Defendant PNF stop

3

trying to debit her account and reimburse her for the two $30 overdraft fees, and to reiterate that Defendant PNF had no authority or authorization to touch her bank account. Defendant PNF's Mr. Evans promised to reimburse Mr. Trimew for the fees, but, to date, has failed to do so.

15. Moreover, shortly thereafter, Ms. Trimew received a collection letter from another debt collector, Professional Debt Mediation, dated July 30, 2009, demanding that she pay it the same debt that she had already paid-off through Defendant PNF. This further upset Ms. Trimew. This collection letter is attached as Exhibit F.

16. Subsequently, Ms. Trimew received yet another collection letter from Defendant PNF, dated August 12, 2009, entitled "FINAL NOTICE OF JUDGMENT", that threatened legal action, stated a "Docket #", a "Judgment Amount", claimed that it was her "final opportunity to stop lien, levy, and/or garnishments and the expense of court proceedings", and that was again allegedly signed by attorney "John T. Sullivan". A copy of this letter is attached as Exhibit G.

17. As shown by the records of the State of Alabama's online court records, Ms. Trimew has never been sued in the State of Alabama, nor has she ever had a judgment entered against her in the state of Alabama. See, Alabama SJIS Index Search attached as Exhibit H.

18. As shown by the records of the Illinois Attorney Registration and Disciplinary Commission, there is no attorney by the name of "John T. Sullivan" licensed to practice law in Illinois. See, Illinois ARDC record attached as Exhibit I.

19. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

20.     Defendant PNF's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violations Of § 1692e Of The FDCPA –**
**Making False Statements**

21.     Plaintiff adopts and realleges ¶¶ 1-20.

22.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including, but not limited to:

   A)    the false representation of the character, amount, or legal status of any debt (§ 1692e(2) of the FDCPA);

   B)    the false representation or implication that any individual is an attorney or that any communication is from an attorney (§ 1692e(3) of the FDCPA); and,

   C)    the threat to take any action that cannot legally be taken or that is not intended to be taken (§ 1692e(5) of the FDCPA).

23.     Defendant PNF's collection action violated § 1692e of the FDCPA, in general, and § 1692e(2), (3) and (5) of the FDCPA, specifically, by:

   A)    falsely stating that a lawsuit existed;

   B)    falsely stating that a judgment existed;

   C)    falsely stating that various post-judgment remedies could be implemented;

   D)    falsely stating that the debt at issue was owed;

5

     E)    falsely stating that attorney "John T. Sullivan" existed and was involved in the collection of the debt at issue; and,

     F)    falsely stating to the bank that it was authorized to debit Ms. Trimew's account.

24.    Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violations Of § 1692d Of The FDCPA – Harassment And Abuse

25.    Plaintiff adopts and realleges ¶¶ 1-20.

26.    Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

27.    Defendant, by, among other actions, stating that a lawsuit and judgment existed and that various post-judgment remedies could be taken, and by continuing to collect the debt after it had already agreed that the debt was resolved, engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

28.    Defendant's violation of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1693e Of The EFTA –
## Illegal Electronic Debits Of A Checking Account

29. Plaintiff adopts and realleges ¶¶ 1-20.

30. Section 1693e of the ETFA required Defendant PFN to obtain written permission to debit Ms. Trimew's account. Defendant PFN violated this provision be debiting Ms. Trimew's account without written permission.

31. Defendant's violations of § 1693e of the EFTA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1693m.

## PRAYER FOR RELIEF

Plaintiff, Valerie C. Trimew, prays that this Court:

1. Find that Defendant's debt collection practices violated the FDCPA and EFTA;

2. Enter judgment in favor of Plaintiff Trimew, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA and §1693m of the EFTA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Valerie C. Trimew, demands trial by jury.

Valerie C. Trimew,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 29, 2009

7

Ronald C. Sykstus   (Ill. Bar No. 6197436)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
415 Church Street, Suite 100
Huntsville, Alabama 35801
(256) 539-9899
(256) 539-9895 (FAX)
rsykstus@bondnbotes.com

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com